## GRAYSON COUNTY v. COOPER et al.
### (No. 2088.)

(Court of Civil Appeals of Texas. Texarkana. March 27, 1919. Rehearing Denied April 10, 1919.)

LIMITATION OF ACTIONS &⟹28(1)—SUIT BY COUNTY AGAINST ASSESSOR.

As suit by county against county tax assessor and sureties on his official bond, predicated entirely upon recovery of money which the county had voluntarily allowed and paid the assessor in excess of the maximum compensation allowable for his official services under Rev. St. 1911, arts. 7583–7585, and article 3885, was not for an act in violation of the duties covered by his bond, under articles 3894, 3895, 7547, but an action in the nature of debt for money received, the two-year statute applied against the county.

Appeal from District Court, Grayson County; M. H. Garnett, Judge.

Suit by Grayson County against J. W. Cooper and others. From a judgment for defendants, plaintiff appeals. Affirmed.

The county of Grayson brought the suit against J. W. Cooper, tax assessor of the said county, and the sureties on his official bond, to recover the sum of $1,726.29, with legal interest, alleging:

"That the total taxable valuation of property for the year 1910 in said Grayson county, road district No. 1, was $8,686,810, and said property was so assessed by the defendant J. W. Cooper at such valuation and during the year 1910. The defendant Cooper, as tax assessor, earned and collected for assessing said property for taxes payable to Grayson county for the use and benefit of road district No. 1 the following amounts, to wit:

| | |
|---|---:|
| Assessing $2,000,000.00 at 5 cents | $1,000 00 |
| Assessing $3,000,000.00 at 2¼ cents | 675 00 |
| Assessing $3,636,810.00 at 1.7 cents | 626 75 |
| Total | $2,301 75 |

—of which defendant was entitled to receive one-fourth, or $575.43, and the remaining three-fourths, $1,726.29, said defendant was legally obligated to pay over to plaintiff. That said sums of money were paid to and collected by the said J. W. Cooper in his official capacity as tax assessor and as one of the duties incumbent upon him as such tax assessor, and he and the sureties on his official bond thereby became legally obligated to pay said excess to Grayson county. That, though often requested, the defendant J. W. Cooper has failed and refused, and still fails and refuses, to pay to the plaintiff said amount of $1,726.29, or any part thereof, and by reason of such failure the plaintiff has sustained actual damage in the amount named, together with interest thereon at the rate of 6 per cent. per annum since the 25th day of November, 1910, on which date the defendant J. W. Cooper received and collected said amount."

The defendant Cooper answered by plea in abatement that the good roads district No. 1 was a body politic and corporate, with the power to sue and be sued, and that Grayson county was not a proper or necessary party to the suit; general denial; that the suit was not predicated upon the bond, but was based upon fees or compensation which the county had voluntarily paid him for official services rendered, and that the suit was

barred by the two and the four year statute of limitation, estoppel on the part of the county to recover the money paid, and that the defendant had the right to such compensation under the terms of the special law. The sureties pleaded a want of liability for the act of Cooper in receiving the sum sued for. The case was tried by the court without a jury, and judgment was entered in favor of the defendant.

The following are the findings of fact made by the trial court: (1) That J. W. Cooper was on the 3d day of November, 1908, duly elected as tax assessor of Grayson county, Tex., and qualified by taking the oath and giving the bond, with Dave Cole, W. P. Vaughan, and M. E. Slagle as sureties. The condition of bond is that the said J. W. Cooper shall faithfully perform and discharge all of the duties required of him by law as tax assessor. (2) That the population of Grayson county in 1910 was in excess of 37,500; (3) that beginning the 1st day of December, 1909, and ending the 1st day of December, 1910, the tax assessor earned for assessing state and county taxes $8,824.05, and for assessing school district taxes $92.89, and was paid, besides the salaries of employés, $2,500 and $480.46. (4) That in November, 1909, road district No. 1 for Grayson county was created and established in accordance with the special act of the Thirty-First Legislature. The total assessed valuation of property in the said road district was $8,686,810. The fees for assessing said property amounted to $2,-301.75, which said sum was paid to J. W. Cooper by the commissioners' court of Grayson county on November 25, 1910. (5) That on February 22, 1913, the commissioners' court of Grayson county directed legal proceedings against J. W. Cooper and his bondsmen to collect the sum paid for assessing the taxes in the road district, J. W. Cooper having declined and refused to return any portion of it.

The suit was instituted on March 21, 1913. The special road law for Grayson county enacted by the Thirty-First Legislature, regular session (chapter 4, p. 743), authorizes the courts to take judicial knowledge of the same, and it is unnecessary to set out that law. The facts found by the trial court are not questioned on this appeal.

B. F. Gafford and McReynolds & Hay, all of Sherman, for appellant.

J. H. Wood and B. L. Jones, both of Sherman, for appellees.

LEVY, J. (after stating the facts as above). The judgment of the trial court in favor of the defendants should be sustained, it is concluded, upon the plea of the statute of limitation of two years and under the admitted facts. The allowance and payment of the money by the county commissioners' court to the appellee Cooper was made on November 25, 1910, and the suit was instituted on March 21, 1913. And, as this conclusion would end any recovery by the county, the question would become immaterial whether or not the road district, authorized by the special law of the Legislature to sue and be sued as a body politic, or the county of Grayson, had the legal right to maintain this suit. The suit, it is believed, is in the nature of an action for debt for money had and received, and consequently is an action against the appellee Cooper personally. The suit is not one upon the official bond of appellee Cooper as tax assessor, as for an accounting required by law for fees collectible by him in virtue of his office and belonging to the county. The tax assessor does not by law, in virtue of his office, collect any money on behalf of the state and county, like the tax collector; and he does not receive and collect any fees from individuals, like the county and district clerks. The tax assessor of a county receives for his official services compensation based on the assessed valuations of property, in the method defined by statute (article 7583), but limited to a maximum (article 3885, Stat. of 1911) and payable only by the state and county (articles 7584, 7585). As the compensation of the tax assessor is limited by the existing law to a maximum, he cannot be paid any compensation by the county above the amount allowed by the law to be paid him. The duties required by law of a tax assessor are to take a list of all taxable property in his county and assess the value thereof and make out rolls. Article 7547. He is further required to keep a record of the compensation paid him for his official services, and to make annual report of the same to the district court (articles 3894, 3895); and his official bond is conditioned that he "will faithfully discharge all the duties of his office." And none of these duties were violated by the appellee Cooper as tax assessor, according to the pleadings and the proof. The suit is entirely predicated on the recovery of money which the county had voluntarily allowed and paid Mr. Cooper in excess of the maximum compensation allowable to a tax assessor for official services. The money in controversy was paid to appellee Cooper on the order of the commissioners' court on November 25, 1910. And at the time the payment was made to Cooper as alleged and found by the court as a fact, the maximum compensation allowed by law for his official services as tax assessor during the year 1910 had been fully paid to him by the state and county. The taking and receiving of the excess compensation was not an act within the purview of the bond. As the case is one in the nature of debt, for money had and received, with an implied promise to return it, the statute of limitation of two years

is the one running against the county. Railway Co. v. Travis County, 62 Tex. 16; Jeff Davis County v. Davis, 192 S. W. 291; Canal Co. v. Orange County, 158 S. W. 173.

The judgment is affirmed.