## McKENZIE et al. v. HILL COUNTY.
### (No. 63.)

(Court of Civil Appeals of Texas. Waco.
June 5, 1924. Rehearing Denied
July 7, 1924.)

**1. Limitation of actions �köö11(2)—Statute of limitations does not run against county acting in governmental capacity, otherwise it does.**

The statute of limitations will not run against a county, acting in governmental capacity, but in all other respects it will run to the same extent as against individuals, in view of Rev. St. arts. 1371, 1372.

**2. Limitation of actions ⊫ö24(1), 28(1)—Four-year statute governed recovery against tax collector of fees wrongfully retained; two-year statute governed recovery of money paid by collector's successor.**

Four-year statute (Rev. St. art. 5688) governed recovery by a county against its former tax collector for fees wrongfully retained in office contrary to articles 1433, 1438, and the two-year statute governed recovery of money paid him by his successor, in view of articles 3881, 3888, 3889, 3894, 3895, 3899.

**3. Taxation ⊫ö568(1)—Only collector liable for money wrongfully received from successor, and bondsmen not liable.**

Under Rev. St. arts. 3890, 3892, if tax collector's successor paid him any sums as delinquent fees which in fact belonged to the county, the collector could be held if at all, only for the money had and received not properly belonging to him, and his bondsmen would not be liable.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by Hill County against J. E. McKenzie and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Frazier & Averitte, of Hillsboro, for appellants.

Morrow & Stollenwerck, of Hillsboro, for appellee.

BARCUS, J. The appellant, J. E. McKenzie, was the duly elected, qualified, and acting tax collector of Hill county from November 30, 1912, to November 30, 1916, having been re-elected in 1914. On August 13, 1921, appellee, Hill county, filed this suit against appellant J. E. McKenzie and his bondsmen for what it claims to be fees retained by J. E. McKenzie, tax collector, during his term of office and for additional fees paid to McKenzie by his successor in office after he, McKenzie, went out of office; appellee contending that the office of tax collector during said years under the fee bill paid more that the maximum fees allowed by law, and sought to recover from appellants three-fourths of the claimed excess fees. The appellants, among other defenses, interposed the four-year statute of limitation.

Articles 1371 and 1372 of the Revised Statutes provide, in substance, that all actions and suits on notes, bonds, bills, and contracts payable to the county may be commenced and prosecuted in the name of the county in the same way as suits between individuals. Article 5688 of the Revised Statutes provides that all actions for debts evidenced by a written contract shall be instituted within four years. Article 3881 of the Statutes provides a maximum fee that may be retained by tax collectors. Article 3888 of the Statutes provides that the tax collector may retain out of the moneys collected by him the fees provided for under the law, and article 3889 provides that three-fourths of the excess fees shall be paid into the county treasury. Articles 1433 and 1438 provide, in substance, that the money received as excess fees shall be used by the county to pay the general indebtedness of the county, including feeding and guarding prisoners and paupers' claims. Article 3894 of the Statutes requires the tax collector and other county officers to make a report of the fees collected, and the grand jury each year is required to examine same and report to the district court. Article 3895 requires said officers to make a sworn report each year to the district judge; article 3899 requires the report to be filed with the state comptroller when the tax collector makes his annual settlement.

From the above provisions of the statutes it was the evident intention of the Legislature to limit the amount of fees that the county officers, including the tax collector, should retain, and providing for a sufficient number of sworn reports to be made that the discrepancies and shortages, if any, might be discovered.

[1] The question as to whether suits for the recovery of excess fees retained by county officers are governed by the statute of limitation involves primarily the question as to whether the county in the collection of said excess fees and the use thereof is engaged in its governmental functions. The direct question, so far as we have been able to ascertain, has not been before the courts. Where the county acts purely in its governmental capacity, limitation will not run, but in all other respects counties are governed by the statute of limitation as fully and to the same extent as individuals. 19 Am. & Eng. Ency. of Law (2d Ed.) p. 191; 17 R. C. L. 324.

It has been held that the statute of limitation runs against the county in an action of a bond to recover hire of a convict. 2 S. & W. § 13. In H. & T. C. Ry. Co. v. Travis County, 62 Tex. 16, it was held that limitation would run against the county for damages which it sought to recover from the railway, occasioned by the manner in which the railway company constructed its crossing

over a public highway. In Ward v. Marion County, 26 Tex. Civ. App. 361, 62 S. W. 557, on rehearing 63 S. W. 155, it was held that the statute of limitation would run against the county in its suit against the tax collector and his bondsmen for taxes he had collected and for which he had not accounted, unless he had fraudulently concealed the collection thereof, and writ of error was denied. In Johnson v. Llano County, 15 Tex. Civ. App. 421, 39 S. W. 995, it was held that limitation would run against the county to recover land, except that used for roads, streets, and public highways. In Hillman v. Gallagher, 103 Tex. 427, 128 S. W. 899, it was held that limitation would run against the county on a suit by the count on a liquor bond. In Lane v. Delta County (Tex. Civ. App.) 109 S. W. 866, it was held that in a suit against the county judge to recover fees unlawfully collected by him in criminal cases the four-year statute of limitation would apply as against the county. In Jeff Davis County v. Davis (Tex. Civ. App.) 192 S. W. 291, in which writ of error was denied, the court held that the two-year statute of limitation would run as against the county for the recovery from the sheriff and his bondsmen of money that had been illegally paid the sheriff by the commissioners' court. To the same effect is the holding of the court in Grayson County v. Cooper (Tex. Civ. App.) 211 S. W. 249, where it was held that the two-year statute of limitation ran against the county to recover money from the tax assessor which the county commissioners had paid the assessor in excess of the maximum fees allowed by law. In Rockwall County v. Roberts County, 103 Tex. 406, 128 S. W. 369, it was held that the statute of limitation would run against the county in suit for interest due on bonds which had been issued by one county and held by another. In City of Chicago v. Dunham Towing & Wrecking Co., 246 Ill. 29, 92 N. E. 566, 32 L. R. A. (N. S.) 245, 20 Ann. Cas. 426, it was held that limitation would run against the city for damages accruing to a bridge owned by it which was damaged by the wrecking company.

We have been unable to distinguish the case at bar from the gist of the authorities above quoted. There is no provision either in the Constitution or the statutes which in any way gives to the county any special privilege with reference to the time within which it can bring suits to recover money that may be due it. Article 5683, Revised Statutes, provides that limitation shall not run against the state in so far as the recovery of real estate is concerned, and shall not run against the city or county in so far as their roads, streets, and sidewalks are concerned. The Legislature by special statute has provided that limitation shall not run as against the collection of taxes. Since there is no exception in the limitation statutes in favor of counties, and the Legislature has, under articles 1371 and 1372 above referred to, specially provided that the county may maintain suits the same as individuals, there is no valid reason for extending the exemption law beyond that which our courts have seen fit to go. There is no authority that we have been able to find which holds that limitation will not run against the county for the recovery of money which goes into its general fund. We do not think it would be a proper construction to place on our statutes which would authorize or permit the county to sue its citizens on promiscuous claims years after the cause of action, if any, accrued. The same reasons apply why this should not be permitted as are applicable between individuals. The evidence with reference to payments and defenses might be destroyed or witnesses might die, and individual citizens would then be liable to harassment by lawsuits long after the proof of payment or proof of the unjustness of the claim had been lost.

[2] The Legislature, in order to protect the interests of the county, has passed laws requiring the officers to file their reports in order that same may be at the time properly checked, understood and explained. We see no reason why under the facts in this case the four-year statute of limitation should not be applied against the appellee as to fees collected by appellant McKenzie. There is nothing in the pleadings or evidence by which the exact date can be fixed that appellant McKenzie was paid any sum or sums of money by the tax collector who succeeded him. As to said items the two-year statute of limitation from the time each payment was made will apply. Ward v. Marion County, supra; Lane v. Delta County, supra; Grayson County v. Cooper, supra.

[3] Under article 3890 of the Revised Statutes, where any officer does not collect the maximum amount of fees due for said year, and reports delinquent fees for that year, he is entitled to retain a sufficient amount when collected to complete the maximum compensation for said year; and under article 3892 it is provided, in substance, that, where the county officer has received his maximum fee, his successor in office shall collect the delinquent fees and pay same, less 10 per cent. for collection, into the county treasury. If the tax collector who succeeded appellant McKenzie did pay him any funds belonging to the county, McKenzie could be held, if at all, only for the money had and received which did not properly belong to him, and his bondsmen would not be liable.

The judgment of the trial court is reversed and remanded for further proceedings in line with this opinion.