### NAVARRO COUNTY et al. v. CORSICANA NAT. BANK. (No. 350.)

(Court of Civil Appeals of Texas. Waco. Oct. 7, 1926. Rehearing Denied Nov. 4, 1926.)

**1. Depositaries** ⬤➡10—County depository held required to pay interest on proceeds of road district bonds purchased, notwithstanding agreement that proceeds were to remain in bank without interest until used (Rev. St. 1925, arts. 736, 744, 2546, 2548, 2549).

In view of Rev. St. 1925, arts. 736, 744, 2546, 2548, 2549, relating to sale of road district bonds and disposition of proceeds, proceeds of road district bonds, purchased by county depository and deposited therein under agreement that interest should not be payable thereon, were legally and actually deposited as in county depository, requiring payment of interest.

**2. Limitation of actions** ⬤➡24(1).

Under Rev. St. 1925, art. 2546, providing depositories shall pay interest on county funds, including moneys deposited by tax collector, monthly, interest accrued on first of month four years before suit *held* barred by limitation.

**3. Limitation of actions** ⬤➡11(1, 2).

Limitation runs against county, but not against state, for interest on money deposited by tax collector.

**4. Depositaries** ⬤➡10.

Under Rev. St. 1925, arts. 2546, 2549, 7260, 7261, funds deposited in county depository in name of tax collector constitute deposits on which state may recover interest.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by Navarro County and another against the Corsicana National Bank. Judgment for defendant, and plaintiffs appeal. Reversed and remanded in part, and in part reversed and rendered.

Dan Moody, Atty. Gen., C. A. Wheeler, Asst. Atty. Gen., and Callicutt, Upchurch & Howell, of Corsicana, for appellants.

Taylor & Howell and Richard Mays, all of Corsicana, for appellee.

BAROUS, J. This suit was instituted by Navarro county and the state of Texas against the Corsicana National Bank to recover interest which it was claimed appellee owed on daily balances of funds which had been deposited in said bank as the county depository by the county tax collector and the county treasurer during the years 1916 to 1922, inclusive. The cause was tried to the court, and resulted in a judgment being entered denying appellants any recovery.

The record shows that appellee was the regularly designated county depository for all of the years in controversy. The interest on three separate and distinct funds is involved in this litigation. During the years in controversy J. A. Megarity as county tax collector deposited in his name as collector, in appellee bank, the general state and county taxes, and in his name, in a fund designated "state highway fund," the taxes collected from automobile license fees. In 1916, road district No. 4 voted bonds for $180,000, and road district No. 5 of Navarro county voted bonds for $100,000. The commissioners' court advertised for bids for said bonds, and the best offer was 95 cents, except the bid of appellee bank, which offered to buy said bonds at par with accrued interest and pay for the printing of the bonds on condition that the commissioners' court would leave the funds derived from the sale of said bonds on deposit in said bank without the payment of any interest until said funds were used by the respective road districts. This offer was accepted by the commissioners' court on August 1, 1916. On September 23, 1916, the bank, as shown by entry on its books, deposited in the name of the county to the credit of each respective road district the par value of said bonds with accrued interest. For some reason not explained by the record, a portion of the funds of road district No. 4 remained in the bank until November, 1922, and a portion of those of road district No. 5 until November, 1920. The interest that would have accrued

on the money payable to road district No. 4 at the rate the depository had agreed to pay on county funds would have amounted to $15,224.10, and, to road district No. 5 $11,330.80. Appellant, Navarro county seeks to recover the interest on said road bond money and the interest due on the county taxes and the state highway taxes which were deposited in appellee depository by the tax collector, and the state of Texas seeks to recover the interest due on the state taxes for the time same were left in the bank in the name of the county tax collector.

We will first dispose of the issue relative to the road bonds. Under article 736, Revised Statutes, the commissioners' court is required to sell the road district bonds and deposit in the county treasury to the credit of the respective road districts the money received from the sale thereof. Under article 744 of the Revised Statutes, the funds derived from the sale of the district road bonds are to be paid out by the county treasurer upon warrants issued by the county clerk and approved by the district road superintendent and the commissioners' court. Article 2549 provides that all money subject to the control of the county treasurer belonging to any district selecting no depository are to be "county funds." Article 2546, Revised Statutes, provides that interest on deposits of all county funds made by the county treasurer in the county depository must be placed to the jury fund, unless the commissioners' court otherwise orders. Article 2548 of the Revised Statutes provides that when any funds are placed in the depository from the sale of bonds belonging to the county or any subdivision thereof, that the commissioners' court may, if the original bond is not sufficient, require additional bond of the depository.

[1] The record shows without dispute that the funds derived from the sale of the road district bonds were deposited in appellee bank, which was the depository of the county, in the name of the county, to the credit of the respective road districts, on September 23, 1916. Appellee contends that it is not liable for interest on said bond money because of the provision in the contract which it had with the county at the time it bid on and purchased the bonds that it was not to pay interest on said fund so long as it remained in the bank. If the commissioners' court had sold the bonds to appellee to be paid for as used and the funds had not been as a matter of fact deposited in the depository, an entirely different question would be presented, and one which is not necessary for us to, and we do not, determine. Regardless of the contract that was made by appellee with the county in the purchase of the bonds, it is an admitted fact by appellee that the bond money was actually deposited in the Corsicana National Bank, which was the county depository, in the name of the county, to the credit of the respective road districts, to be held and con-trolled and drawn out by the county treasurer, as provided by statute. Article 2549 of the Revised Statutes provides that immediately after the depository is selected by the commissioners' court, it shall be the duty of the county treasurer to transfer to it all the funds belonging to said county, as well as all funds belonging to any district; and further provides that all of said funds shall be "county funds" within the meaning of the law. The bond which appellee gave as county depository in 1917 and every two years thereafter provides, as is required by article 2545 of the Revised Statutes, that it will pay a fixed rate of interest, named in the bond, for the succeeding two years, on all county funds that are deposited with it. Appellee at the time it purchased the bonds in question having deposited the entire amount in the bank in the name of the county to the credit of the respective road districts, thereby placed said funds beyond its control and placed same in the custody and control of the county treasurer, who, under article 744 of the Revised Statutes, was required to pay same out upon warrants issued by the county clerk and approved by the district road superintendent and the commissioners' court. When appellee was selected as county depository in February, 1917, the treasurer was, under article 2549 of the Revised Statutes above quoted, required to transfer said funds to said county depository as such, and there is no controversy, as shown by the record in this cause, but that the county treasurer at all times was exercising control over said funds and handling same as county treasurer and paying same out as directed by the proper authorities. Said article 2549 fixes a heavy penalty on the county treasurer for his failure or refusal to transfer the funds to the county depository. We are of the opinion therefore that said fund was legally and actually in appellee's bank as county depository, and the bond which it executed required it to pay interest thereon.

[2-4] Appellee contends that in any event all of the interest which accrued prior to May 1, 1920, is barred by the statute of limitation, this suit having been instituted on May 23, 1924. We sustain this contention. Article 2546 of the Revised Statutes provides that the depository shall pay interest on county funds monthly to the county treasurer on daily balances. It seems now to be the established law that limitation runs against a county for the collection of money which may be due it by the tax collector, the same as against individuals. McKenzie v. Hill County (Tex. Civ. App.) 263 S. W. 1073. The record shows that the interest which accrued on the bonds of road district No. 4 after May 1, 1920, was $504, and, on the bonds of road district No. 5, $631.

During the years 1918 to 1920, J. A. Megarity deposited in appellee bank in the name of "special highway funds," as provided by article 7012½v of Vernon's Sayles' 1922 Stat-

utes, the automobile taxes belonging to Navarro county, and during the years 1917 to 1920 he deposited in appellee bank in his name as tax collector all other taxes which he collected, where same remained for different periods of time. The interest on these deposits, figured on the daily balances, amounted on the general fund to a total of $11,713.67, of which $7,158.35 was interest on county, road district, and school fund taxes, and $4,555.32 on state taxes and $597.80 on auto taxes. All of the interest on these funds, except $29.90 on the automobile tax and $256.94 on the county and state general taxes, matured and was due prior to May 1, 1920. The interest due the county which matured prior to said date was barred by the statute of limitation. McKenzie v. Hill County, supra.

Limitation does not run against the state. Appellee contends, and the trial court found, that it was not liable to the state of Texas nor to the county for the interest which accrued on the funds deposited in the bank in the name of the tax collector, because same were not in fact in the depository within the contemplation of the law. We cannot agree with this contention. Article 2546 of the Revised Statutes provides that all funds received by the county treasurer shall be by him deposited in the county depository, and that the interest derived therefrom shall, unless specially directed by the commissioners' court, be placed in the jury fund. Article 7260 of the Revised Statutes provides that the tax collector shall make monthly reports to the comptroller and pay over to the state treasurer all moneys which he has collected for the state during said month, and article 7261 of the Revised Statutes provides that he shall make monthly reports to the commissioners' court and pay the county treasurer all taxes collected during the month. Article 2549 of the Revised Statutes provides that the collector, as he collects taxes, shall at once deposit same in the county depository, and that:

"Pending the preparation of his report of such collections and settlement thereon, which shall bear interest on daily balances at the same rate as such depository or depositories have undertaken to pay for the use of county funds, and the interest accruing thereon shall be apportioned by the tax collector to the various funds earning the same. The bond of such county depository or depositories shall stand as security for all such funds."

It appears from the reading of the statutes that the Legislature in providing for a county depository has taken cognizance of the fact that the tax collector may during the busy season have a large amount of funds in his name which he has not paid over to the state or county treasurer, article 7260 providing specifically that during the rush periods he may take an additional 25 days' time, and the evident intention of the Legislature was to save to the taxpayers the interest that would be earned during the time the county tax collector held the funds. The law above quoted specifically requires the county tax collector to apportion the earned interest to each respective fund as distinguished from the interest which is earned by the funds deposited by the county treasurer, which go to the jury fund unless specially directed by the commissioners' court. Under the provision of this statute we think it is the duty of the tax collector to deposit in the county depository in his name all the taxes as he collects same, and that the county depository is required to pay interest on said deposits. In this case the funds were as required by law deposited in the name of J. H. Megarity, tax collector, the only way they could be deposited until he made his report to the comptroller and the commissioners' court, at which time it was his duty under the law to issue his checks to the respective treasurers for the amounts due each fund, plus all accumulated interest to the time his checks were drawn. We are of the opinion that the state was entitled to recover from appellee bank the amount of interest which was due it on the state taxes that were on deposit in the depository in the name of the tax collector.

There is evidence in the record tending to show that some time during 1921 the county, acting through the commissioners' court, made a settlement with appellee bank for all interest that was due from and after December 1, 1920. There was no finding of the court with reference to this issue. If the county as a matter of fact has made a settlement for all interest due after December 1, 1920, the county could only recover the interest due on the respective funds which accrued from May 1st to December 1st, 1920, and as to this the cause must be reversed and remanded. The finding of the court, which is unchallenged, shows that the interest due the state of Texas was $4,555.32. The judgment of the trial court as between Navarro county and appellee is reversed and remanded for further proceedings in accordance with this opinion, and judgment is here rendered in favor of the state of Texas against appellee, Corsicana National Bank, for $4,555.32, with interest at 6 per cent. per annum from April 2, 1925.