

THE ATTORNEY GENERAL

OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Tom C. King
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:

                    Opinion No. 0-1036
                    Re: 1.  Does the statute of limitation bar
                            recovery of understated fees of
                            office of a tax collector?
                         2.  Does limitation begin as of the
                            date incorrect fee reports were
                            made to the county or as of the
                            date the error was discovered
                            in the auditing of the accounts
                            of the county?

        Your request for an opinion on the above stated
questions has been received by this office.

        Your letter reads in part as follows:

        "It is discovered in 1939 that the Tax
Collector has understated his fees of office
in his annual fee reports for the years 1932
and 1934, and is therefore due the county for
such understated fees.

        "(a)  Does the statute of limitation bar
recovery by the county?

        "(b)  Does limitation begin as of the
date incorrect fee reports were made to the
county, or as of the date the error was dis-
covered in the auditing of the accounts of
the county?"

        We quote from Texas Jurisprudence, Vol. 28, page
99 as follows:

        "It seems to be a settled rule that counties
are not exempt from the operation of statutes of
limitation in matters arising out of ordinary

county business...... Limitations run against a cause of action in favor of a county for the recovery of money which belongs to its general fund. The bar of the statute may be availed of as a defense to an action for the recovery of interest upon deposits made by a tax collector's bond of excess delinquent tax fees due a county, for the recovery of overpayments made to an assessor, for the recovery for hire of a county convict, and for reimbursement for money expended in making repairs to a bridge. However, the defense of limitations is not available as to causes of action accruing to a county in its public or governmental capacity, or while acting for an as an instrumentality of the state. Nor will limitation run against a county as trustee of a public school fund, or bar the right to recover money belonging to jury, school, road or bridge funds, or funds of like character, such as those of a school or road district." Also see the cases of Bitter vs. Bexar County, 11 SW 2nd 163; Linz vs. Eastland County, 39 SW 2nd 599; Navarro County vs. Corsicana Nat. Bank, 287 SW 501; Steusoff vs. Liberty County, 34 SW 2nd 643; McKenzie vs. Hill County, 263 SW 1073.

Articles 5526, 5527 and 5529, Revised Civil Statutes, read as follows:

"Art. 5526. There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions of trespass for injury done to the estate or the property of another.

"2. Actions for detaining the personal property of another, and for converting such property to one's own use.

"3. Actions for taking or carrying away the good and chattels of another.

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing.

"5. Actions upon stated or upon accounts other than such mutual and current accounts as

concern the trade of merchandise between merchant and merchant, their factors or agents. In all accounts, except those between merchant and merchant, as aforesaid, their factors and agents, the respective times or dates of the delivery of the several articles charged shall be particularly specified, and limitation shall run against each item from the date of such delivery, unless otherwise specially contracted.

"6. Action for injury done to the person of another.

"7. Action for injury done to the person of another where death ensued from such injury; and the cause of action shall be considered as having accrued at the death of the party injured.

"Art. 5527. There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidence by or founded upon any contract in writing.

"2. Actions for the penalty or for damages on the penal clause of a bond to convey real estate.

"3. Actions by one partner against his co-partner for a settlement of the partnership accounts, or upon mutual and current accounts concerning the trade of merchandise between merchant and merchant, their factors or agents; and the cause of action shall be considered as having accrued on a cessation of the dealings in which they were interested together.

"Art. 5529. Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

We quote from the case of McKenzie et al vs. Hill County, supra, as follows:

"The question as to whether suits for the recovery of excess fees retained by county officers are governed by the statute of limitation involves primarily the question as to whether the county in the collection of said excess fees and the use thereof is engaged in its governmental functions. The direct question, so far as we have been able to ascertain, has not been before the courts. Where the county acts purely in its governmental capacity, limitation will not run, but in all other respects, counties are governed by the statute of limitation as fully and to the same extent as individuals.

"It has been held that the statute of limitations runs against the county in an action on a bond to recover hire of a convict. 2 SW 13. In H. & T. C. Ry. Co. vs. Travis County, 62 Tex. 16, it was held that limitation would run against a county for damages which it sought to recover from the railway, occasioned by the manner in which the railway company constructed its crossing over a public highway. In Ward vs. Marion County, 26 Tex. 361, 62 SW 557, on re-hearing 63 SW 155, it was held that the statute of limitation would run against the county in a suit against the tax collector and his bondsmen for taxes he had collected for which he had not accounted, unless he had fraudulently concealed the collection thereof, and writ of error was denied. In Johnson vs. Llano County, 15 Tex. (Civ. App.) 421, 39 SW 995, it was held that limitation would run against the county to recover land, except that used for roads, streets and public highways. In Hillman vs. Gallager, 103 Tex. 427, 128 SW 899, it was held that limitation would run against the county on a suit by the county on a liquor bond. In Lane vs. Delta County, (Tex. Civ. App.) 109 SW 866, it was held that in a suit against the county judge to recover fees unlawfully collected by him in criminal cases the four year statute of limitations would apply against the county. In Jeff Davis County vs. Davis, (Tex. Civ. App.) 192 SW 291, and which writ of error was denied, the court held that the two year statute of limitations would run as against the county for the recovery from the sheriff and his bondsmen of money that had been illegally paid the sheriff by the commissioner's court. To the same effect is the holding of the court in Grayson County vs. Cooper (Tex. Civ. App.) 211 SW 249, where it was held that the two

year statute of limitation would run against the county to recover money from the tax assessor which the county commissioners had paid the assessor in excess of the maximum fee allowed by law. In Rockwall County vs. Roberts County, 103 Tx. 406, 128 SW 369, it was held that the statute of limitation would run against the county in suit for interest due on bonds which had been issued by one county and held by another."

Articles 3896 and 3897, R. C. S. read as follows:

"Art. 3896. Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books. and accounts of such officers and to report his findings to the next succeeding grand jury or district court. In counties having no county auditor, it shall be the duty of the commissioners' court to make the examination of said books and accounts or have the same made and to make report to the grand jury as hereinabove provided.

"Art. 3897. Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the commissioners' court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during

the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office."

Under Articles 3896 and 3897, supra, the Legislature has in order to protect the interests of the county passed laws requiring the officers to file their reports in order that same may be at the time properly checked, understood and explained.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the statute of limitation bars recovery of understated fees of office of a tax collector. You are further advised that limitation begins as of the date incorrect fee reports were made to the county.

Trusting that the foregoing answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By S/Ardell Williams

Ardell Williams
Assistant

AW:AW:bjb

APPROVED JUL 14, 1939
S/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
By W.R.K
Chairman