

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXXXXRD
ATTORNEY GENERAL

AUSTIN 11. TEXAS

Honorable Henry C. Kyle
County Attorney
Hays County
San Marcos, Texas

Overruled by Opinion
O-4715 in so far as
it conflicts

Dear Sir:

Opinion No. O-4431
Re:  Is Article 1645a-6, V.A.C.S.,
Constitutional, and other
questions?

Your letter requesting the opinion of this Department on the
questions stated therein reads as follows:

"Acts 1939, 46th Leg., Spec. L., p. 591, appearing
in V.A.C.S. as Art. 1645a-6, provides for a county auditor
in counties having a population of not less than 14,850
and not more than 14,920, and provides further that such
auditor in such counties may be paid not more than $2,400.
00 per annum, to be paid from the County General Fund, the
Jury Fund, the Road and Bridge Fund, and the Permanent
Improvement Fund in proportion that the levies for such
funds bear to the total salary of such auditor.  Shortly
after this act was passed, an auditor for Hays County was
appointed thereunder, qualified by taking the oath and
giving the bond, and his salary set by the Commissioners'
Court of Hays County at $2,400.00 per annum payable out
of the various funds mentioned.  Such auditor has served
in accordance therewith to this date.

"The above mentioned act of the Legislature appears
to this writer to be a local and special law in violation
of Section 56 of Article III of the Constitution.  Many of
your opinions have held similar laws to be in violation of
said section of the Constitution, towit: 721, 843, 1004,
1020, 1581, 1955, 1957, 1986, 2224, 2811, 3040, 3417, 3662,
3314, 3321, 3722, 3654, 3662, 1699, and 4206.  Many of
these opinions have been supported with the holding of the
Supreme Court in Miller v. El Paso County, 150 S.W. (2d)
1000.

"At the time the above mentioned act of the Legislature was passed, Hays County had a population of 14,915, and was the only county in Texas between 14,850 and 14,920, according to the federal census of 1930. According to the 1940 federal census, the population of Hays County is 15,349. It therefore appears that Hays County no longer comes under the provisions of said Act. This seems to be supported by at least two of your opinions, 2981 and 3123.

"Too, S. B. 119, Chapter 601, p. 1331, General and Special Laws of the 47th Leg., Sec. 1 and Sec. 2 of such act appearing as Arts. 1645 and 1646 in Vernon's Annotated Texas Statutes Service, January 1942 Cumulative Pamphlet, being an act providing for the appointment of auditors and the fixing of the salaries by the District Judge, appears to have repealed the above mentioned special act applying to Hays County. (Sec. 3 of said S.B. 119.) The effective date of said S.B. 119 was July 9, 1941, p. 1333, Gen. and Spec. Laws of the 47th Leg. Although the District Judge for Hays County appointed an auditor for Hays County long prior to July 9, 1941, with a salary of $2,400.00 fixed by the Commissioners' Court, as seemingly allowed by the above mentioned special act for Hays County, and such District Judge has made no appointment of such auditor for Hays County since July 9, 1941, nor has such judge made any orders with reference to the salary of such auditor since July 9, 1941. Therefore, in view of your opinions 3870 and 3804, it appears to this writer that the County Auditor of Hays County cannot legally be paid more than $125.00 for each million dollars, or major portion thereof, of the assessed valuation, the annual salary to be computed from the last approved tax rolls, payable out of the General Funds of the county. Art. 1645.

"Under the above statement of facts and the laws applicable thereto, it is indicated clearly by your opinion 3351 that the County Auditor of Hays County should refund to Hays County what he has been paid in excess of the amount that would be allowed him under Art. 1645 R.C.S. for 1925, from the date he received knowledge that said special act applying to Hays County only at the time of passage was unconstitutional, or such refund be made from the date of the official preliminary publication of the 1940 federal census, or such refund be made from July 9, 1941. It follows that said Hays County Auditor and his bondsmen would be liable to Hays County for those amounts in excess of that allowed by Art. 1645, R.C.S. for 1925, that have been paid to such auditor with his approval after knowledge on his part that such excess amounts were being paid under an unconstitutional law, or had been paid to him under a law which no longer applied to Hays County, or paid to him under a law that had been repealed. Art. 1649 and Art. 1641, R.C.S. The receiving of such salary in excess

Honorable Henry C. Kyle, Page 3 (O-4431)

of that allowed by Art. 1645, with knowledge of the
invalidity of the payment, appears to be a sufficient
showing that such auditor acted maliciously, corrupt-
ly or negligently within the rule announced in Welch
v. Kent, 153 S.W. (2d) 284.

"With reference to the foregoing, I would appre-
ciate having your opinion in answering the following
questions:

"1. Is Acts 1939, 46th Leg., Spec. L., p. 591,
appearing in V.A.C.S. as Art. 1645a-6, constitutional?

"2. With the 1940 federal census showing Hays
County to have a population of 15,349, did the above
mentioned special act no longer apply to Hays County
after the preliminary publication of the 1940 federal
census?

"3. Should the County Auditor of Hays County
refund to the county all sums of money received by him
from Hays County as salary during a year in excess of
$125.00 for each million dollars, or major portion there-
of, of the assessed valuation for Hays County according
to the last approved tax rolls, dating back to the date
such auditor received notice that Acts 1939, 46th Leg.,
Spec. L., p. 591, was unconstitutional?

"4. In the event the Auditor of Hays County had
no notice that such special act was unconstitutional,
should he refund to Hays County all sums of money receiv-
ed by him in a year as salary from Hays County in excess
of $125.00 for each million dollars, or major portion
thereof, of the assessed valuation for Hays County accord-
ing to the last approved tax rolls, dating back to the
date of the preliminary publication of the 1940 federal
census?

"5. Without the presiding District Judge in Hays
County appointing an auditor for Hays County and fixing
his salary after July 9, 1941, the effective date of S. B.
119, Acts 47th Leg., should the Auditor of Hays County re-
fund to the county all sums of money received by him as
salary from the county in excess of the minimum provided
in Art. 1645 before the passage of S. B. 119?

"6. In the event it should be held that said
auditor should refund any of such money to Hays County,
would such auditor and his bondsmen be liable for such
refund on proof that he knew such law to be unconstitu-
tional and had received such excess sums of money as
salary thereafter, without showing by further acts of
said auditor that he acted maliciously, corruptly or
negligently in procuring the payment to himself of such
excess of salary?'"

Article 1645a-6, Vernon's Annotated Civil Statutes, provides:

"Section 1. That from and after the effective
date of this Act in all counties in this State having a
population of not less than fourteen thousand, eight
hundred and fifty (14,850), and not more than fourteen
thousand, nine hundred and twenty (14,920), according to
the last preceding Federal Census, or any subsequent
Federal Census, the Commissioners' Court in such counties,
if they shall determine that an Auditor is a public neces-
sity in the dispatch of the county business, and shall en-
ter an order upon the minutes of said Court, fully setting
out the reasons and necessities for such Auditor, and shall
cause said order to be certified to the District Judge hav-
ing jurisdiction in the counties hereinabove set out, said
Judge shall, if such reasons be considered good and suffi-
cient, appoint a County Auditor as provided in Article 1647
of the Revised Civil Statutes of Texas of 1925, and upon
the appointment by said Judge of such Auditor, such Auditor
shall qualify by taking the oath of office and giving the
bond as now provided in Article 1649 of the Revised Civil
Statutes of Texas of 1925.

"Sec. 2. When the Auditor, as hereinabove provided,
shall have qualified by taking the oath and giving the bond,
as provided in Section 1 hereof, he shall be authorized to
perform all the duties now required of Auditors generally in
counties of this State, as provided in Title 34 of the Revis-
ed Civil Statutes of Texas, 1925, and amendments thereto not
to exceed Two Thousand, Four Hundred Dollars $2,400) per an-
num, said salary to be paid in equal monthly installments
and shall be paid from the County General Fund, of such
counties, the Jury Fund, the Road and Bridge Fund, the Per-
manent Improvement Fund, in proportion and on the percentage
levies made for each respective Fund, and in proportion that
such levies bear to the total salary of such Auditor.

"Sec. 3. This Act shall be deemed cumulative of all general provisions now authorizing the employment of Auditors, and it is not intendend by this Act to repeal any law, or parts of law, not in conflict herewith."

It will be noted that the above mentioned statute applies not only to those counties in this State having a population of not less than 14,850, and not more than 14,920 inhabitants according to the last preceding federal census or any subsequent federal census. This Department has heretofore construed numerous statutes similar to the statute above quoted, and has held that such statutes are unconstitutional and therefore void. The opinions bearing the numbers enumerated in the second paragraph of your letter quoted above and the case of Miller v. El Paso County, 150 S.W. (2d) 1000, and the authorities mentioned therein, support your contention that the above quoted statute is unconstitutional. Therefore, in view of the above mentioned opinions and the authorities cited therein, it is our opinion that Article 1645a-6, supra, is unconstitutional and therefore void.

According to the 1940 federal census the population of Hays County is 15,349 inhabitants. As above stated, Article 1645a-6 applies only to those counties having a population of not less than 14,850 and not more than 14,920 inhabitants according to the last preceding federal census or any subsequent federal census. Were the above mentioned statute (Art. 1645a-6) constitutional it would no longer apply to Hays County.

We think that it will be convenient to consider your questions Numbers 3, 4, 5 and 6 together.

Article 1649, Vernon's Annotated Civil Statutes, provides:

"The auditor shall, within twenty days of his appointment, and before he enters upon the duty of his office, make a bond with two or more good and sufficient sureties, in the sum of $5000, payable to the county judge conditioned for the faithful performance of his duties, to be approved by the Commissioners' Court. He shall also take the official oath and an additional warrant in writing, stating that he is in every way qualified under the provisions and requirements of this title, and giving fully the positions of private or public trust he has heretofore held, and the length of service under each. He shall further include in his oath that he will not personally be interested in any contract with the county."

It will be noted that the above quoted statute requires the county auditor to take the usual official oath of office, and also an additional oath, in writing, stating he has in every way qualified under the provisions and requirements of the law relative to his office,

the positions of public trust he has theretofore held, and the length of service under each. He is also required to include in his additional oath that he will not be personally interested in any contract with the county.

It is assumed in your request that one or the other of the dates mentioned by you is the correct date from which to calculate refunds due to the county under the act in question. Your request raises the point as to whether a county auditor who receives a salary under an unconstitutional statute is liable therefor, also whether the suretirs on the bond of the county auditor are liable.

It is the duty of the county and district attorneys, upon request, to give an opinion or advice in writing to any county or precinct officer of their district or county, touching their official duties, (Art. 332, V.A.C.S.) and it has been the policy of the Attorney General of Texas to so advise said officers upon such questions touching the public interest, or concerning their official duties. (Art. 4399, V.A.C.S.).

We think, that in accordance with our opinion No. O-3351, where the provisions of an act of the Legislature are solely to the personal and beneficial interest of the officer, knowledge on the part of the officer of its unconstitutionality, received through advice given him by his county or district attorney or from the Attorney General of Texas, is sufficient to deprive such officer of any equities and fixes the liability from that time on where illegal payments of salary are received by him under the unconstitutional law.

Generally speaking, sureties are not liable for money which has been paid to an officer under orders of the commissioners' court and which under no circumstances could rightfully be collected from the county. While sureties are liable for fees or commissions which have been retained by an officer in excess of the maximum allowed, they may not be held accountable for excessive fees which have been voluntarily paid to him under an order of the commissioners' court or for over payments which have been made to him under an order which the commissioners' court had no jurisdiction to make, or, again, for money which has been paid to him by his successor as fees but which in fact belong to the county. (Jeff Davis County v. Davis, 192 S.W. 291; Harris County v. Charlton, 245 S.W. 644; Grayson County v. Cooper, 211 S.W. 249; Tex. Jr. Vol. 34, p. 577).

Judge Cooley, in his works on constitutional limitations, Volume 1, Eighth Edition, at page 382, says:

"When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights cannot be built

up under it; contracts whioh depend upon it for their
consideration are void; it constitutes a protection to
no one who has acted under it, and no one can be pun-
ished for having refused obedience to it before the
decision was made. And what is true of an act void in
toto is true also as to any part of an act which is
found to be unconstitutional, and which, consequently,
is to be regarded as having never, at any time, been
possessed of any legal foroe."

The Supreme Court of Texas in Sessums v. Botts, 34 Tex. 335-
350, did not construe the above authority as announcing a doctrine
that an unconstitutional law could be no protection to officers or cit-
izens, before the same had been passed upon and adjudged invalid. The
court in its opinion said:

"We are not willing to endorse the proposi-
tion, in its broadest sense, that a ministerial
officer has the right and power to decide upon
the constitutionality or unconstitutionality of
an act passed with all the formality of law. It
is the duty of such officers to execute and not to
pass judgment upon the law, and we are of the
opinion that the clerk of the district court
should have refused to have issued execution in
violation of what appeared to be a valid and bind-
ing law, until the same had been declared void by
the tribunal properly constituted for that purpose."

In view of the foregoing authorities, you are respectfully
advised that it is our opinion that the county auditor should refund to
the county all of the salary received by him in excess of the amount
allowed under the general law provided in Art. 1645, as said statute
existed when the auditor was appointed and qualified, from and after
the date the county auditor was advised that Article 1645a-6 was un-
oonstitutuional by the county or district attorney or the Attorney Gen-
eral. It is our further opinion that the sureties on the official bond
of the county are not liable, but the county auditor is personally lia-
ble for such sum or sums received by him as salary in excess of the
amount authorized by Art. 1645, supra.

In connection with the foregoing, we want to point out that
the Commissioners' Court of Hays County had the authority by virtue of
Art. 1646, V.A.C.S., to appoint an auditor for the county and pay him
a salary as authorized by Art. 1645, supra. That is, the Commissioners'
Court could and should have allowed the county auditor, as compensation
for his services as such, one hundred and twenty-five dollars for each
million dollars, or major portion thereon on the assessed valuation

of the county, the annual salary to be computed from the last approved tax roll.

You state in effect that there has been no procedure regarding the appointment of a county auditor or the fixing of his salary under S. B. No. 119, Acts of the 47th Legislature, Regular Session, 1941, therefore, we do not deem it necessary to discuss this act (S. B. 119, supra) in this opinion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
    s/ Ardell Williams

Ardell Williams
Assistant

APPROVED APR 13, 1942

s/ Grover Sellars

FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee
By BWB Chairman