J. W. HILLMAN v. DAN GALLAGHER ET AL.

No. 2077.   Decided June 1, 1910.

**1.—Limitation—Suit on Liquor Dealer's Bond.**

An action to recover penalties for breach of a liquor dealer's bond in selling to a minor or permitting him to remain on the premises is not barred by limitation in two years, but is governed by art. 3356, Rev. Stats., requiring suit to be brought within four years.  Such action is "evidenced by and founded upon a contract in writing," the statutory bond, and is an action for "debt" within the meaning of the statute which includes all suits brought to recover money for the breach of contract in writing without regard to the technical distinction between debt and damages.   (Pp. 428, 429.)

**2.—Practice in Supreme Court—Assignment of Error.**

Where the Supreme Court reverse and remand a judgment affirmed on appeal, it is unnecessary to pass upon other alleged errors of the Appellate Court in refusing to consider errors assigned or considering matters not assigned. (Pp. 429, 430.)

Error to the Court of Civil Appeals for the Sixth District on error from Bowie County.

Hillman prosecuted error upon a judgment of the trial court in a suit brought by him against Gallagher and others, and on its affirmance obtained writ of error from the Supreme Court.

*J. W. Hillman,* plaintiff in error in pro per.—The statute of two years' limitation does not apply in this case, but that of four years does, because these are causes of actions given by law upon a written contract.    Sayles Texas Civil Statutes, Art. 3354, subdivision 4; Art. 3356, subdivision 1.    Liquor bond is a contract with State. Peavy v. Goss, 37 S. W., 991; State v. Williams, 10 Texas Civ. App., 349; McArthur v. Barnes, 10 Texas Civ. App., 319; Swift v. Gaylord, 82 N. E. 299.

*Hart, Mahaffey & Thomas,* for defendant in error.—The right of action, by an individual, for a breach of a retail liquor dealer's bond is governed by the two years' statute of limitations.    Johnson v. Rolls, 97 Texas, 453; Hillman v. Mayher, 38 Texas Civ. App., 377; Barber v. City of Dallas, 83 Texas, 147; Davidson v. Missouri Pac. Ry. Co., 3 App. C. C. (W. & W.), sec. 173; 8 Amer. & Eng. Ency. L. (2d ed.), 983 et seq.; Stockwell v. United States, 13 Wall., 531; Chaffee v. United States., 18 Wall., 516; Roberts v. Coffin, 22 Texas Civ. App., 127; 25 Cyc., 1038; Glover v. Storrie, 18 Texas Civ. App., 6; Phillips v. Hail, 118 S. W., 190.

Mr. Chief Justice Gaines delivered the opinion of the court.

This suit was brought by J. W. Hillman against Dan Gallagher and the sureties on his liquor dealer's bond to recover $3,000.00, the aggregate of six breaches of said bond, to wit, for allowing plaintiff's son, Jack Hillman, to enter and remain in the saloon of Gallagher on or about December 26, 1902, and the selling of liquor to the minor on the same day, also similar breaches on the 25th of April, 1903, and on the 28th of April, 1903.    The original petition was filed August 1, 1904, and set up only the breach of the bond in permitting Jack Hillman to enter and remain in the saloon December 26, 1902.    On the 3d of March, 1906, an amended petition was filed which, in addition to that offense charged in the original petition, alleged the selling of liquor to said minor on the 26th day of December, 1902, and an entry and remaining of said minor in the saloon on the 25th and 28th days of April, 1903, and a selling of liquor to the minor on both of the last named days.    The amended petition alleged all six of the offenses above named and was filed on August 24, 1906.

We have searched in vain for any intimation in the judgment that a demurrer was sustained to any of the allegations of the amended petition.    But there is a bill of exceptions in the record which shows that the court sustained exceptions to all the allegations of the offenses except that which was set up in the original petition.    Besides the charge of the court shows that all the offenses except that originally alleged were eliminated from the case.    The court ruled that the

statute of limitation of two years applied to the case and sustained the exceptions except as to so much of the cause of action as was brought in two years. In this ruling we think there was error. Our statute provides that "there shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." (Rev. Stat., Art. 3356.)

The cause of action in this case is both "evidenced by and founded upon a contract in writing," to wit, the statutory bond. The bond states the conditions upon which the recovery may be had and promises to pay, in accordance with such conditions. Without the bond there can be no recovery.

Robinson v. Varnell, 16 Texas, 390, was a suit for the recovery upon a written contract for the hire of a negro and the return of the negro at the end of the year. There was a plea of the statute of limitations for two years interposed, and it was argued that since the the statute allowed four years for said "action of debt" and this was not an action of debt, therefore the statute did not apply. But in passing upon the question Mr. Justice Wheeler said: "We can not give that construction to the term actions, for the obvious reason that we have not the common law forms of action; and though there would not be the same difficulty in giving a technical meaning to the term *debt,* there is no more reason for supposing that such a meaning was attached to it by the Legislature. The more reasonable construction, and that which best harmonizes with the general provisions and policy of the statute, we think is, to consider the term "actions of debt, grounded on any contract in writing," as including all suits brought to recover money for the breach of a contract in writing without regard to the technical distinction between debt and damages. The present action was brought upon a contract in writing to pay a sum certain in money, technically a debt, and an unliquidated sum for the breach of the contract to deliver specific property, technically damages. Both demands arise on the breach of the same written contract; and it can not have been intended in such a case, that one period of limitation should bar one part of the cause of action, and a different period another part, arising upon the same contract, merely because, in technical legal phrase, the one is called debt and the other damages. The suit, being for the recovery of money for the breach of a written contract, comes within the reason and intention of the provision prescribing the limitation of actions for money demands arising upon written contracts: which being four years, the court did not err in holding that the right of action was not barred by the statute." (16 Texas, 390.) This is enough to show that the statute is not to be construed according to technical rules but is to be construed in a broad and comprehensive sense.

There is a question raised by the Court of Civil Appeals which was not assigned in that court, but which was held fatal to a recovery in the suit. That question grows out of the fact that the statement of facts shows that a bond signed by defendant in error Gallagher and dated September 3, 1902, was offered in evidence, but does

not show that it was received in evidence. Since we reverse and remand the cause for the error of the court in sustaining the plea of the two years' statute of limitation we find it unnecessary to pass upon this question.

The fourth assignment of error in this court is that the court erred in not considering other assignments of error presented in plaintiff in error's brief. Since we reverse the judgment it is unnecessary to pass upon the assignment.

For the error pointed out the judgment of the trial court and that of the Court of Civil Appeals are reversed and the cause remanded for a new trial.

*Reversed and remanded.*