## CITY OF ORANGE v. MOORE. (No. 872.)*

(Court of Civil Appeals of Texas. Beaumont.
Dec. 16, 1922. Rehearing Denied
Jan. 3, 1923.)

1. **Limitation of actions** &#9901;&rlarr;24(2)—**Suit for delay by rejection of material held on contract within four-year statute.**

A suit by a municipal contractor against the city for damages resulting from delay caused by the wrongful rejection by the city officials of timbers prepared by the contractor for the work is not an action in tort within the two-year statute of limitations, but is an action for breach of the contract controlled by the four-year statute of limitations (Vernon's Sayles' Ann. Civ. St. 1914, art. 5688, subd. 1).

2. **Limitation of actions** &#9901;&rlarr;127(13)—**Amendment, covering payment of wages during delay, held not within original petition.**

Where the original petition for damages to a contractor from delay caused by the city officials alleged the rental value of the vessels, which were kept idle by the delay, and further alleged that he had assembled the necessary labor for the work, and that the delay prolonged the work into hot weather, and thereby increased the scale of wages, an item for the increase in cost for labor and overhead expenses related to the increased scale of wages, and not to wages paid during the time of delay, so that an amended petition, seeking re-

covery for wages paid during the delay, did not relate back to the beginning of the suit, and was barred where more than four years had elapsed before the amendment was filed.

**3. Appeal and error ⊛➡1140(4)—Allowance for claim barred by statute held not to require reversal.**

Where the jury allowed as damages a lump sum equal to the sum of four items of damage alleged in the petition, one of which was barred by limitations, the amount allowed by the jury for the barred item could be calculated as the amount alleged in the petition, so that the entire judgment need not be reversed, but that amount can be stricken therefrom.

**4. Limitation of actions ⊛➡127(2)—Amendment is not continuation unless cause of action is substantially identical.**

Courts are liberal in allowing amendments as mere continuations of the original pleading so as to avoid the bar of the statute, but the original pleading must allege substantially the same facts as the amended, and the causes of action must be essentially identical, supported by substantially the same evidence, and subject to substantially the same defenses; it being insufficient that they are similar in nature.

**5. Limitation of actions ⊛➡127(4)—Amendment claiming extra wages paid for longer services held continuation of original petition.**

An allegation in the original petition that, because the delay caused by defendant had carried the work under the contract into hot weather, the contractor had to pay a higher scale of wages, and that the increase in cost due to delay in completing the contract amounted to a specified sum, and the further sum of $2,000 for labor and overhead expenses substantially alleged a claim for wages paid during the longer period required to do the work in hot weather, so that an amendment to the petition, more definitely claiming that item, related back to the date of the original petition.

Appeal from District Court, Orange County; J. B. Forse, Special Judge.

Suit by William Moore against the City of Orange. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Holland & Holland, of Orange, for appellant.

C. W. Howth and Jas. A. Harrison, both of Beaumont, for appellee.

O'QUINN, J. Appellee sued appellant for damages for breach of a written contract growing out of the erection of a creosoted timber wharf and bulkhead by appellee for appellant in the Sabine river near said city.

The damages claimed were alleged to have been caused by appellant wrongfully rejecting the creosoted timbers, which had been prepared and were to be used in the building of said wharf, and for a period of two months refusing for them to be used, and then accepting said timbers and permitting them to be used. The timbers were rejected for the reason that the city engineer of the city of Orange claimed they were not up to the specifications stipulated in the contract. After two months of delay, during which time the entire work was stopped and appellee's employés and equipment were idle, the matter was adjusted, and said timber accepted and work resumed and continued until the completion of the wharf. Various other elements of damages were sued for, but, as they were remitted after judgment, they will not be further discussed.

Appellant answered by general demurrer, special exceptions that appellee's cause of action was barred by both the two and four year statutes of limitation, by general denial, and special pleas of the two and four year statutes of limitation.

All the exceptions, general and special, were overruled by the court, and the case went to trial before a jury upon special issues, upon the answers to which judgment was rendered in the sum of $7,107.08. Appellee filed a remittitur in the sum of $1,-233.05, leaving the sum of $5,874.03 as the amount to be recovered by appellee of appellant, which said sum constituted the damages claimed by appellee for the delay caused by appellant's temporary rejection of said creosoted timbers.

[1] Appellant asserts that the court erred in overruling its special exception and plea of two-year limitation, because, it insists, that the damages claimed by appellee did not arise out of and had no connection with the contract between appellee and appellant, but that appellee's cause of action was founded in tort arising out of the alleged wrongful act of appellant's engineer in wrongfully and willfully rejecting temporarily, the creosoted timbers offered by appellee to be used in the building of said wharf, insisting that the contract between appellant and appellee was pleaded only as an inducement showing appellee's right to do the work, and that the cause of action was for the wrongful and tortious act of the engineer, and hence the action sounding in tort was barred by the two-year statute of limitations. We cannot agree to this contention. Appellee's suit was founded on a written contract with appellant, fully pleaded, and the damages claimed were for a breach of said contract. Therefore the action was not barred within two years, but comes within and is controlled by subdivision 1 of article 5688, Vernon's Sayles' Civil Statutes. Robinson v. Varnell, 16 Tex. 382; Hillman v. Gallagher, 103 Tex. 427, 128 S. W. 899; Elder, Dempster & Co. v. Railway Co., 105 Tex. 628, 154 S. W. 975; Davies v. Railway Co. (Tex. Civ. App.) 133 S. W. 295.

The damages awarded appellee were based upon the finding of the jury in answer to

special issues Nos. 16 and 18, both of which related to appellant's alleged wrongful rejection of the creosoted timbers, causing the delay of two months in operations. Special issue No. 16 was as to what damage appellee suffered by reason of the loss of the use of his tug, barges, pile driver, tools, and appliances held in idleness for said time, and the wages of the men employed by appellee for said two months, which the jury found to be $4,450. Special issue No. 18 was as to what damage appellee sustained by reason of the work being delayed and prolonged into hot weather, which the jury found to be $1,-424.03. These two items compose the judgment of appellee, from which appeal was taken.

Appellant says that if the action be not one in tort, but is one for breach of contract, then that the items of damage awarded for labor were barred by the four-year statute of limitation (article 5688, R. S.), because the same were set up for the first time in appellee's amended petition, more than four years after the cause of action accrued. The contract was dated October 31, 1916. The timber was rejected December 20, 1916. The matter was adjusted, and work resumed February 24, 1917. The original petition was filed, June 30, 1919. The amended petition was filed May 16, 1921. In the original petition, appellee alleged:

"Plaintiff further alleges that by reason of the rejection of said creosoted material, rejected by defendant in the manner as stated aforesaid, the said plaintiff was delayed in the completion of said contract for a period of two months, whereas, if he had been permitted to use said rejected material, as by the terms of said contract, and in right and in justice he should have been permitted to use, at the time same was ready for use, and but for the arbitrary conduct of said defendant, same would have been used and said contract completed for a period of more than two months prior to the completion of same, and by reason of the loss of two months' time, directly and proximately caused by defendant, by reason of the breach of its contract hereinbefore alleged, said plaintiff was deprived of the rental and use of his barges, pile driver and tugboat for two months' time, and in this connection plaintiff alleges that for use in the performance of said contract, he had assembled and had in use one pile driver, three barges, and one tugboat, called the Nancy C. That the loss and rental of use of said pile driver, barges, and tugboat, Nancy C, for said two months is as follows: For said pile driver No. 1 rental $500 per month, for two months, $1,000, for said barge No. 2 rental value $300 per month, for two months, $600, for said barge No. 4, rental $300 per month, for two months $600, for said barge No. 6 rental $200 per month, for two months $400, for the tug Nancy C, rental $300 per month, for two months $600; aggregating the sum of $3,200 loss to plaintiff by reason of the breach of contract by defendant hereinbefore alleged, which said amount of loss to plaintiff is reasonable, and, as before stated, resulted to plaintiff by reason of the delay of two months' time in the completion of said contract, which said delay and the loss incident thereto directly and proximately resulted by reason of the breach of contract of defendant as hereinbefore alleged.

"Plaintiff further alleged that at the time of the breach of contract by defendant, hereinbefore alleged, he had assembled the necessary labor to perform said contract with said defendant, and but for the breach of contract by defendant would have completed the work at a scale of wages, at that time paid to the organization of labor used by plaintiff, but that the breach of contract, by defendant, prolonged the work into the summer months of the year 1917, and thereby increased the scale of wages paid by plaintiff for labor, and increased the cost of construction of said work; * * * that the increase in cost, due to the delay in the completion of said contract, amounted to the sum of $4,000 and the further sum of $2,-000 for labor and overhead expense."

[2] It is not believed that the allegation "that the increase in cost due to the delay in the completion of said work amounted to the sum of $4,000 and the further sum of $2,000 for labor and overhead expense" was a claim for or included wages paid to employés for and during the two months of idleness, but that same related to and was but a summing up of the "increased cost of construction" arising from an "increased scale of wages" alleged to have been paid by reason of the work being prolonged into the hot weather months, as alleged. So it appears that there was no allegation in the original petition as to the payment of wages to employés during the two months of idleness. Therefore the claim for wages paid his men for said period being set up for the first time in the amended petition was barred by the four-year statute of limitations (article 5688, Vernon's Sayles' Civil Statutes), and appellant's plea of said statute should have been sustained. Texas Co. v. Alamo Cement Co. (Tex. Civ. App.) 168 S. W. 62.

[3] Appellant says that if its assignment relative to wages paid to employés during the two-month period of delay (found by the jury in answer to special issue No. 16) is sustained, and which we have held barred, then the judgment must be reversed, because the damages allowed by the jury in answer to special issue No. 16 comprised the damages allowed for the rental value of appellee's tug, barges, pile driver, and equipment, and for wages paid the men while idle, and that same, being found in a lump sum, $4,450, cannot be separated.

We do not think so. Both the original and amended petitions contained an itemized statement of the loss by reason of the tug, barges, pile driver, and equipment being idle, alleging it to be in total $3,200. The amended plea set out, and the evidence con-

clusively showed, the wages paid to employés for said period to be $1,250. Having determined that said item was barred by limitation, it is eliminated from the amount found by the jury in answer to said special issue No. 16, and by a simple mathematical calculation, by subtracting that amount from the $4,450 found by the jury, it leaves $3,200, the amount of damages allowed for the loss of the use of the tug, barges, pile driver, and equipment.

Special issue No. 18 was as follows:

"What, if any, damages did plaintiff sustain by reason of the work not being finished before warm weather? In finding the damages, if any, in replying to this issue, you are limited to finding the difference between the cost of labor in constructing the work in warm weather and cold weather, if any."

To this jury answered: "$1,424.03."

Appellant insists that this item of damage was not pleaded in appellee's original petition, but was set up for the first time in the amended petition, and hence, barred by the four-year statute of limitations. In the original petition the pleading, as to the item for labor, is vague and indefinite. It says:

"Plaintiff further alleges that at the time of the breach of contract by defendant, hereinbefore alleged, he had assembled the necessary labor to perform said contract with said defendant, and but for the breach of the contract by defendant would have completed the work at a scale of wages at that time paid to the organization of labor used by plaintiff, but that the breach of contract by defendant prolonged the work into the summer months of the year 1917, and thereby increased the scale of wages paid by plaintiff for labor and increased the cost of construction of said work. * * * That the increase in cost, due to the delay in the completion of said contract, amounted to the sum of $4,000 and the further sum of $2,000 for labor and overhead expense."

In the amended petition, the allegation as to "scale of wages" which was paid at the time of the alleged breach of the contract, and "increased scale of wages" caused by the delay paid after said alleged breach, is abandoned, but appellee therein pleads fully and clearly the effect of handling creosoted timbers in hot weather, and alleges that by reason of the two-month delay the work was prolonged into the hot weather months, and by reason of the effect on the men in handling the creosoted timbers in hot weather their efficiency and capacity to dispatch work were lessened and the time of work lengthened, thus increasing the amount, not the scale, of wages paid his men.

[4] Whether an amendment set up a new cause of action is a vexatious question, and whether appellee's amended petition has done so, as contended by appellant, has given us no little trouble. Courts are liberal in allowing and sustaining amendments as a mere continuation or amplification of the original, but the original pleading must disclose an intention to litigate the matters set up in the amendment, in order for such amendment to be regarded as a continuation of the original suit. The facts alleged in the amended petition must be substantially the same as those set up in the original. It is not sufficient that the causes of action be similar in nature; they must be essentially identical. They must be supported by substantially the same evidence, and they must be subject to substantially the same defenses. Lumber Co. v. Water Co., 94 Tex. 456, 61 S. W. 707.

[5] While it is difficult to determine whether in the original petition appellee intended to plead that the prolongation of the work into hot weather caused him to have to pay for a longer working period at regular wages, or whether the work having to be done in hot weather caused him to pay a higher "scale of wages," that is, more per day than he would have had to pay in cool weather, we have concluded that the allegation "that the increase in cost, due to the delay in completion of said contract, amounted to $4,000, and the further sum of $2,000 for labor and overhead expense" was substantially an allegation of the increase in amount paid for labor by reason of the longer period of time the men worked, and not an allegation of an increase of scale in the current wage, and that the full and detailed statement in the amended petition of the wages paid by reason of the delay and the work having to be done in hot weather, was but an amplification of the plea of "increased cost of construction" in the original petition, and hence that appellant's exception and plea of limitation thereto was not well taken. Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455; Pope v. Railway Co., 109 Tex. 311, 207 S. W. 514; Lee v. Boutwell, 44 Tex. 151; Tribby v. Wokee, 74 Tex. 142, 11 S. W. 1089.

Appellant presents a number of other propositions, but, after carefully considering them, we do not believe that any of them show error, and they are all overruled.

Appellee's judgment below was for the sum of $5,874.03. We have held that the item of $1,250, paid for labor during the two months' idle period, not being pleaded in the original petition, was barred by limitation. We, therefore, here reform the judgment by striking out said item, and, as reformed, affirm same for $4,624.03.

Reformed and affirmed.