**LAWYERS SURETY CORPORATION,**
**Appellant,**

**v.**

**GULF COAST INVESTMENT COR-**
**PORATION, Appellee.**

**No. 243.**

Court of Civil Appeals of Texas.

Tyler.

Jan. 5, 1967.

Rehearing Denied Jan. 26, 1967.

L. Alexander Lovett, Houston, Lawrence W. Vance, Dallas, for appellant, Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr., Dallas, on motion for rehearing only.

Urban, Coolidge, Pennington & Heard, Bryan W. Scott, Houston, for appellee.

DUNAGAN, Chief Justice.

The judgment heretofore entered on December 8, 1966, is set aside and the original opinion is withdrawn. This opinion is substituted for the original.

This is a suit against a notary public and his bonding company for the falsifying of an acknowledgement in a Mechanic's & Materialman's Lien Contract on a homestead. Gulf Coast Investment Corporation, appellee, and plaintiff in the trial court, instituted this suit as against Harold A. Currlin, a notary public in and for Harris County, Texas, and the surety company on his statutory bond, Lawyers Surety Corporation, appellant.

Appellant, Lawyers Surety Corporation, filed its answer in which, among other things, it specifically pleaded the two-year statute of limitations.

Trial was had before the court and judgment was entered in favor of Gulf Coast Investment Corporation as against both defendants. Only Lawyers Surety Corporation appealed from this judgment. No findings of facts or conclusions of law were filed and none were requested.

Appellant has brought forward only one point of error by which it contends that appellee's cause of action is barred by the two-year statute of limitations.

Appellee contends that the four-year statute of limitations is applicable.

Appellant was the surety on a notary bond for Harold A. Currlin, a notary public in and for Harris County, Texas, in April, 1960. On April 12, 1960, Harold A. Currlin, notary public, certified the acknowledgement of Joanie J. Moncrief to a contract of labor and materials and trust deed given as security for a promissory note to the appellee, Gulf Coast Investment Corporation. The property securing the contract and deed of trust in question was the homestead of Robert F. Moncrief and his wife, Joanie J. Moncrief. The notary public, as well as Joanie J. Moncrief, admitted under oath that she never signed the instrument and never appeared before the notary, Harold A. Currlin, concerning this contract of labor and materials and trust deed and that the acknowledgement by Mr. Currlin was fraudulent in that he was certifying under oath to facts that were not true. The notary further admitted that he knew Mrs. Moncrief personally and would have recognized her, if she had actually appeared before him.

This case was filed less than four years and more than two years from the date of the contract and the false and fraudulent acknowledgement thereon.

The only question presented is whether the two-year or the four-year statute of limitations applies to appellee's cause of action.

The appellant in support of its contention relies on Hatcher v. State, 125 Tex. 84, 81

S.W.2d 499, 98 A.L.R. 1213, 1935, and Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249, 1940.

The Supreme Court in the Hatcher case was concerned with the official bond of the state treasurer which was conditioned in the language of the statute (Article 4368) "that he shall faithfully execute the duties of his office" and in discussing therein its decision in Hillman v. Gallagher, 103 Tex. 427, 128 S.W. 899, said:

"\* \* \* In that case a father sued on a liquor dealer's bond on account of the defendant's permitting plaintiff's minor son to enter and remain in a saloon. \* \* \* The statute requiring the bond gave to any person aggrieved by the violation of any of its provisions the right to sue on the bond, and to recover the sum of $500 as liquidated damages. The Court of Civil Appeals, following Phillips v. Hail [118 S.W. 190], supra, held that the suit was barred by the two-year statute of limitations. 120 S.W. 505. In reversing that decision, the Supreme Court, speaking through Chief Justice Gaines, after quoting the four-year statute, said: 'The cause of action in this case is both "evidenced by and founded upon a contract in writing," to wit, the statutory bond. *The bond states the conditions upon which the recovery may be had and promises to pay, in accordance with such conditions. Without the bond there can be no recovery.*' "

The emphasis is that of the Supreme Court in the *Hatcher* case, and by such emphasis it pointed out what it considered to be the controlling distinction.

The Supreme Court in the *Hatcher* case then goes on to say, following its quotation from the Hillman case:

"The difference between that case and the instant case is plain. There the suit was brought as the statute authorized it to be brought upon the very bond itself. The plaintiff had no cause of action without the bond. Here the cause of action does not arise out of and is not dependent upon the official bond. If the state treasurer owed defendants in error a duty for the breach of which a cause of action would lie, the law imposed the duty, and the duty rested upon him regardless of the bond. The obligation sought to be enforced, if it exists, arises out of a breach of official duty, not out of the bond. There is no statement in the bond of the state treasurer of the conditions upon which recovery may be had, and there is no promise in the bond to pay in accordance with such conditions. The bond, which is phrased in the same general terms as those contained in the statute, merely affords security for the faithful performance of the official duties. It seems clearly apparent, therefore, that the action is not founded upon the bond.

"Nor is the action evidenced by the bond. The bond contains no statement of what the duties of the treasurer are, and no promise that he will make payment of any particular funds or amount to any certain person. The duties of the state treasurer are found in the statutes. There is no evidence, not even a recital, of them in the bond. Proof of the existence of a duty to defendants in error, of the breach of that duty, and of damages suffered by the breach, must be made by evidence outside of the bond.

"As to the surety, the bond but evidences its promise to stand surety for the principal. Both the existence and the evidence of a cause of action against the surety must be found in the existence and evidence of a cause of action against the principal. If there can be no recovery against the principal, there can be no recovery against the surety. The bond is but incidental to the official obligation, in the same way that a mortgage is incidental to the debt which it secures. \* \* \*"

The decision of the Supreme Court in Cowart v. Russell, supra, followed its opinion in the Hatcher case.

In the Hatcher case the court recognized the conflict in the decisions of the various Courts of Civil Appeals and adopted the line of decisions which hold that since the action is, in effect, one against the principal for a breach of his statutory duty as a public officer, the bond for faithful performance of duty was collateral security only and the two-year statute of limitations was applicable. When suit was barred for the breach of duty, the action on the bond was likewise barred.

■ The Supreme Court in Cowart v. Russell, supra, again held that the bond of an officer for the performance of official duty was collateral security for the performance of such duty, and was not a contract in writing to pay, and that the two-year statute of limitations applied. A notary public is a public officer, 41 Tex.Jur.2d, page 502, Sec. 1, and is required to take the official oath of office and execute a bond "for the faithful performance of the duties of his office," Sec. 7, Article 5949, V.A.C.S., which in the instant case was done.

Appellee relies on Standard Acc. Ins. Co. v. State, 57 S.W.2d 191, (Tex.Civ.App., Fort Worth) 1933, writ dism., as supporting its contention that the four-year statute of limitations applies to this case. The Standard Accident case was a suit upon the notary's official bond and against the notary for his false and fraudulent certificate to a deed. There the court held that the four-year statute of limitations applied.

The Standard Accident case arose before the Hatcher case and at a time when there were two lines of authority among the Courts of Civil Appeals as to official bonds generally, one holding the two-year statute applicable and one holding the four-year statute applicable. The Standard Accident case did not go off on any peculiarities of notary bonds, but was merely one of the cases in the line of opinions holding the four-year statute applicable to official bonds generally. It cites Hillman v. Gallagher, supra, which dealt not with a notary bond but a liquor dealer's bond.

The two lines of cases were expressly considered by the Supreme Court of Texas in Hatcher v. State, supra, and it decided in accordance with those holding the two-year statute applicable and rejected the line of cases holding the four-year statute applicable, which included the Standard Accident case.

■ The instant case is analogous to the Hatcher case and is distinguishable from the Hillman case in the very respects noted by the Supreme Court in the former. If a notary public gives a false acknowledgement, he has breached a duty imposed by law for which a cause of action would lie. This duty rests upon him regardless of the bond. The liability of the notary arises out of a breach of official duty and not out of the bond.

There is no statement in the bond of a notary of the conditions upon which recovery may be had and no promise to pay in accordance with such conditions beyond that contained in the bond for the state treasurer of merely affording security that the principal "shall faithfully perform the duties of said office."

Just as the treasurer's bond in the Hatcher case contained no statement of what the duties of the treasurer are and no promise that he would make payment of any particular funds or amount to any certain person, so the notary bond here involved contains no statement of what the duties of a notary are and no promise that he will make payment of any particular funds or amount to any certain person. Just as the duties of the state treasurer are found in the statute, so are the duties of a notary. Likewise, the other statements of the Hatcher case about the treasurer's bond before it, as opposed to the liquor dealer's bond in the Hillman case, are applicable to the notary bond in the present case.

■ We think the Hatcher case and other cases following it have definitely settled the law in this state that the two-year statute of limitations is applicable to a nota-

ry bond which is conditioned "shall faithfully perform the duties of said office of said notary public." We hold that the action here is not one for "debt where the indebtedness is evidenced by or founded upon any contract in writing" within the meaning of Sec. 1 of Article 5527, V.A.C.S.

■ Since appellant specifically pleaded the two-year statute of limitations, and appellee's petition showed clearly that it was more than two years before the suit was filed after the alleged wrong, the trial court erred in granting judgment to appellee.

Judgment reversed and rendered for appellant.