ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 17, 2009

The Honorable Hope Andrade
Texas Secretary of State
Post Office Box 13697
Austin, Texas 78711-3697

Opinion No. GA-0723

Re: Whether a private employer may limit the notarial acts performed by an employee who is a notary public (RQ-0779-GA)

Dear Secretary Andrade:

You ask two questions about the authority of a private employer to control services performed by an employee who is a notary public.[1] You indicate that there "may be a conflict in this area between the rights of an employer to control the activities of its employees during work hours and the duty of a notary public as a public official to serve the public." Request Letter at 1.

In Texas, a notary public is appointed to serve by the secretary of state for a term of four years, has statewide jurisdiction, and is required to take the official oath that article XVI, section 1 of the Texas Constitution requires of "[a]ll elected and appointed officers." TEX. CONST. art. XVI, § 1; *see also* TEX. GOV'T CODE ANN. §§ 406.001–.003 (providing for a notary public's appointment, term, and jurisdiction), .010(c) (requiring official oath) (Vernon 2005). Thus, "[a] notary public is a public officer" for certain purposes. *Lawyers Sur. Corp. v. Gulf Coast Inv. Corp.*, 410 S.W.2d 654, 657 (Tex. Civ. App.—Tyler), *writ ref'd n.r.e.*, 416 S.W.2d 779 (Tex. 1967). But while a notary is an "officer" for some purposes in Texas law, no statute or court decision prohibits a notary from performing work for a private employer.

Your first question is whether a private employer may "limit the notarial acts performed by its employees during work hours."[2] Request Letter at 1. The Government Code recognizes that an individual may provide notary public services as the employee of another. TEX. GOV'T CODE ANN. §§ 406.010(f) (Vernon 2005) (stating that certain requirements do not apply to an individual "whose services as a notary public are performed primarily as a state officer or *employee*") (emphasis added), .024(a) (setting forth the fees that an individual or the individual's employer may charge for performing notary public services). A defining characteristic of the employer–employee relationship

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2][We do not construe this question to ask whether an employer may control or direct the notary in the conduct of his/her official duties when conducting those notarial acts authorized by the employer during business hours.]

under the common law is that an "employer has the right to control the progress, details, and methods of operations of the work. [] The employer controls not merely the end sought to be accomplished, but also the means and details of its accomplishment." *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002) (setting forth the test to distinguish an employee from an independent contractor) (citing *Thompson v. Travelers Indem. Co.*, 789 S.W.2d 277, 278 (Tex. 1990)). Thus, under the common law, an employer determines, and may accordingly limit, the activities undertaken by the employee during working hours.

Chapter 406 of the Government Code does not purport to alter this aspect of the common-law employer-employee relationship, nor does it mandate when or to whom notaries public must offer their services. While we have found neither case law nor a Texas attorney general opinion that addresses your specific inquiry, we believe that by reconciling chapter 406 with the common law, a court would conclude that an employer may limit the notarial acts performed by its employees during working hours. *Cf.* 30 Okla. Op. Att'y Gen. 127 (2000) at 2 (advising that under Oklahoma law, an "employer [may] prohibit [a] notary from performing notarial acts for anyone other than the employer while at work.").

You next ask whether an employer may "retain the notary materials of an employee upon termination of employment," including the notary's seal and record book. Request Letter at 2. As you observe, "[a]lthough an employer may pay for the bond, application and notary materials, the individual who has been commissioned as a notary public is responsible for properly affixing the seal to authenticate his notarial acts, maintaining the notary record book, and making it available to the public." *Id.* Neither the notary statutes, nor any published case that we have found, specifically addresses the matter of the disposition of the book and seal when a notary public changes employment. Chapter 406 of the Government Code, however, provides for commissioning individual applicants, not their employers, as notaries public. An applicant must provide personal information to the secretary of state, such as name and address, date of birth, and social security number. TEX. GOV'T CODE ANN. § 406.005(a) (Vernon 2005). When the applicant qualifies as a notary, the secretary of state furnishes the applicant with the applicant's commission and with relevant materials and sample forms. *Id.* § 406.008. The notary public seal of office must be personalized with the name of the individual and the date the individual's commission expires. *Id.* § 406.013. Because a notary is commissioned *as an individual*, without reference to the person's employer, chapter 406 suggests that an employer may not take possession of or transfer that individual's commission, book, and seal upon termination of the individual's employment.

Additionally, chapter 406 imposes a duty on a notary public, without reference to employment, to "authenticate all official acts with the seal of office," to "keep in a book a record of each instrument notarized," and to "provide a certified copy of any record in the notary public's office to any person requesting the copy." *Id.* §§ 406.013(a) (Vernon 2005), 406.014(a)–(c) (Vernon Supp. 2008). Because, as we have noted, a notary is appointed for a term of years without reference to employment status, chapter 406 suggests that a commissioned notary may continue to use the notary's book and seal after leaving the employment of an entity, even though that entity may have paid the notary's application fee.

Moreover, chapter 406 characterizes "the record books and public papers" of a notary public as *"belonging to the office of the notary public"* rather than to the individual or the individual's employer. *Id.* § 406.022 (Vernon 2005) (emphasis added).  Furthermore, the chapter expressly states that "[e]ntries in the notary's book are *public* information." *Id.* § 406.014(b) (Vernon Supp. 2008) (emphasis added).  Ultimately, upon vacancy of the office of notary public, the office's record books and public papers must be deposited in the county clerk's office. *Id.*  These provisions provide additional evidence that even though the employer may have paid an employee's bond and application fees, the employer is not the owner of the record book and public papers from the employee's services as notary public.  Construing chapter 406 as a whole, we conclude that a court would likely determine that an employer may not retain the notary records and seal of an employee who is a notary public upon termination of employment.

We also note that another provision of the notary statutes directs the "secretary of state [to] adopt rules necessary for the administration and enforcement of this subchapter," provided that the "rules be consistent with the provisions" of the subchapter. *Id.* § 406.023 (Vernon 2005).  Texas law thus furnishes the secretary of state with the means to implement the notary statutes and to specify the details of the disposition of a notary's book and seal.

## S U M M A R Y

A notary public is an appointed public officer for limited purposes. A private employer may limit or prohibit an employee who is a notary public from performing notarial acts during employment hours.

Because a commission is issued to an individual notary, the notary's private employer may not take possession of or transfer the notary's book and seal after the notary leaves employment. The secretary of state may adopt rules to specify the details of the disposition of a notary's book and seal.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee