ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 14, 2011

The Honorable Hope Andrade                     Opinion No. GA-0886
Texas Secretary of State
Post Office Box 12697                          Re: Whether chapter 603, Texas Government Code,
Austin, Texas  78711-2697                      is applicable to notaries public   (RQ-0968-GA)


Dear Secretary Andrade:

You explain that chapter 406 of the Texas Government Code imposes duties on notaries public and that chapter 603 of the Government Code imposes some duties on "officers" that chapter 406 does not impose on notaries.[1] You reason that notaries would have the duties that chapter 603 imposes on officers if notaries were officers under chapter 603. *Id.*

You ask four questions about this. *Id.* at 2–3. Your first question is whether a notary is an "officer" under chapter 603. *Id.* at 2. No statute defines the term "officer" in the particular sense it is used in chapter 603. *See generally* TEX. GOV'T CODE ANN. §§ 603.001–.010 (West 2004). *Cf. id.* § 651.001 (providing that, "[i]n any state statute, 'officer' means an officer of this state unless otherwise expressly provided"). Texas courts give undefined statutory terms their ordinary meaning unless a more precise one is apparent from the context of other legal provisions. *In re Hall*, 286 S.W.3d 925, 928–29 (Tex. 2009) (using a dictionary to define a term). The ordinary meaning of the word "officer" is "[o]ne who holds a public, civil, or ecclesiastical office." X OXFORD ENGLISH DICTIONARY 732 (2d ed. 1989). Texas courts have held that "'the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others.'" *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955).

We have neither found, nor has any brief submitted to us in the matter purported to find, a legal opinion that has held that notaries perform a sovereign function for the public largely independently of the control of others. Indeed, the United State Supreme Court has called the duties of Texas notaries public "essentially clerical and ministerial," stating that notaries do not have "broad discretion in the execution of public policy that requires the routine exercise of authority over

---

[1] Letter from Honorable Hope Andrade, Texas Secretary of State, to Honorable Greg Abbott, Texas Attorney General at 1–3 (May 3, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml (Request Letter).

individuals." *Bernal v. Fainter*, 467 U.S. 216, 225–26 (1984) (construing the predecessor statute to chapter 406). *See also* TEX. GOV'T CODE ANN. § 406.016(a) (West 2005) (providing that notaries may, among other, similar tasks, "take acknowledgments or proofs of written instruments; protest instruments permitted by law to be protested; administer oaths; take depositions; and certify copies of documents not recordable in the public records").

However, other legal authorities indicate that a notary may in some sense be considered an officer. Article XVI, section 40 of the Texas Constitution implies that a notary holds a "civil office of emolument" and "an office or position of profit under this State." TEX. CONST. art. XVI, § 40(a), (d). Similarly, subsection 406.005(b) of the Government Code requires notaries to take the oath of office that all officers take. TEX. GOV'T CODE ANN. § 406.005(b) (West 2005). And Texas courts have stated in passing, without discussing the issue, that a notary is an officer. *See, e.g., Stallings v. State*, 252 S.W.2d 939, 939 (Tex. Crim. App. 1952); *Lawyers Sur. Corp. v. Gulf Coast Inv. Corp.*, 410 S.W.2d 654, 657 (Tex. Civ. App.—Tyler), *writ ref'd n.r.e.* 416 S.W.2d 779 (Tex. 1967). This office has also concluded that a notary is an officer for some purposes. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0723 (2009) at 1, O-4940 (1942) at 2.

Chapter 603 offers little guidance on this issue. Section 603.006 provides that an "officer who by law may charge a fee for a service shall keep a fee book and shall enter in the book all fees charged for services rendered." TEX. GOV'T CODE ANN. § 603.006 (West 2004). This requirement might be read to apply to notaries, or it might, as you suggest, be read to distinguish notaries from officers. Request Letter at 2. Similarly, when section 603.008 provides that a "county judge, clerk of a district or county court, sheriff, justice of the peace, constable, or notary public shall" post a list of fees, it might or might not indicate that a notary is an officer like the others listed. TEX. GOV'T CODE ANN. § 603.008 (West 2004). And when section 603.010 refers to an "officer named in this chapter," it might suggest that a notary—a person named in the chapter—is an officer, or it might distinguish an officer named in the chapter from a non-officer named in the chapter. *Id.* § 603.010.

Thus, some authorities that discuss notaries and state officers indicate that notaries are not officers, others indicate that notaries are officers, and others indicate very little, if anything, about the issue. Furthermore, no Texas constitutional provision, statute, or appellate court decision has directly addressed whether a notary public is an officer for purposes of chapter 603. Accordingly, we cannot definitively determine whether or not notaries are officers under chapter 603 of the Texas Government Code.

We do not answer your other questions because they are premised on a conclusion that notaries are officers under chapter 603, and we do not reach such a conclusion here. *See* Request Letter at 2–3.

## S U M M A R Y

Some legal authorities suggest that a notary public is a state officer, and others suggest that a notary public is not a state officer. Accordingly, we cannot definitively determine whether a notary is a state officer.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee