ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 23, 2014

The Honorable Nandita Berry
Texas Secretary of State
Post Office Box 12697
Austin, Texas 78711-2697

Opinion No. GA-1095

Re: Authority of a notary public to withhold
or redact certain information from copies of
entries in a notary public record book
(RQ-1209-GA)

Dear Secretary Berry:

You ask about the authority of a notary public to withhold or redact certain information
from copies of entries in a notary public record book.[1] As you note, your office is responsible for
administering and enforcing the statutes and rules governing notaries public. Request Letter at 1;
TEX. CONST. art. IV, § 26; TEX. GOV'T CODE ANN. § 406.023(a) (West 2013). You relate that you
have received a complaint about a particular notary public who, when asked for copies of records
in the notary's record book, provided copies that "were almost completely redacted." Request
Letter at 2. You inform us that the notary responded to the complaint by citing "the First
Amendment right of association and the National Labor Relations Act" as grounds for redacting
the records. *Id.*

A notary public is a public officer who "is given a commission of authority to administer
oaths and take acknowledgements to documents of any kind requiring an oath." TEX. CONST. art.
IV, § 26 interp. commentary (West 2013); *Lawyers Sur. Corp. v. Gulf Coast Inv. Corp.*, 410
S.W.2d 654, 657 (Tex. Civ. App.—Tyler), *writ ref'd n.r.e.*, 416 S.W.2d 779 (Tex. 1967). The
Texas Constitution authorizes the Legislature to decide the duties of a notary public. TEX. CONST.
art. IV, § 26(a) (requiring notaries to "perform such duties as now are or may be prescribed by
law").

A notary public's primary duty is "to attest and certify . . . to the genuineness of documents
so that they will be rendered available as evidence of the facts contained therein." *Id.* interp.
commentary (West 2013). This duty requires a notary public to enter a description of each
instrument notarized and other specified information in a notary public record book. TEX. GOV'T
CODE ANN. § 406.014(a) (West 2013). Such "[e]ntries in the notary's book are public
information," and a notary public must "provide a certified copy of any record in the notary
public's office to any person requesting the copy" upon the payment of all fees. *Id.* § 406.014(b)–

---

[1]*See* Letter from Mr. Wroe Jackson, Gen. Counsel to Hon. Nandita Berry, Tex. Sec'y of State, to Hon. Greg
Abbott, Tex. Att'y Gen. at 1 (July 3, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

(c).  A notary public is also subject to chapter 121 of the Civil Practice and Remedies Code, which governs officers who are authorized to take acknowledgment or proof of written instruments.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 121.001 (West 2011).  Such officers are required to enter "in a well-bound book" a short statement about each acknowledgement or proof of a written instrument that is required or permitted to be recorded.  *Id.* § 121.012(a).  These "statements of acknowledgment . . . are original public records, open for public inspection and examination at all reasonable times."  *Id.* § 121.012(e).

You first ask whether a notary public may "withhold or redact information from a notary record book on the grounds of federal constitutional or statutory reasons."  Request Letter at 3.  Section 406.014 of the Government Code does not state any exceptions to a notary public's duty to provide a certified copy of notary records.  TEX. GOV'T CODE ANN. § 406.014(c) (West 2013).  Thus, as a matter of state law, any such records, including those at issue in your request, are public records that cannot be withheld when requested.  You ask whether federal law may override the Legislature's decision to make these records public.  As an initial matter, courts presume that state law is not preempted by federal law.  *Graber v. Fuqua*, 279 S.W.3d 608, 611 (2009).  Thus, the burden to establish an overriding federal-law privilege or confidentiality provision rests squarely on the party seeking to avoid the application of state law.  *Great Dane Trailers, Inc. v. Estate of Wells*, 52 S.W.3d 737, 743 (Tex. 2001).  If, however, the party seeking to withhold the records can clearly establish that federal law makes the materials confidential, federal law should be followed notwithstanding the state statutes to the contrary.  *See* U.S. CONST. art. VI, cl. 2 (providing that the United States Constitution and federal statutes enacted pursuant to the Constitution are "the supreme Law of the Land").  Whether the burden to establish preemption has been met will depend on the particular facts of each case.  *See Willy v. Admin. Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005) (determining that in particular circumstances, federal law of privilege governs rather than state law).  We note that nothing in the materials provided to us indicates that the notary seeking to withhold the records at issue has satisfied this burden.

Your second question is whether there are "other grounds, such as the privileges noted in Article V of the Texas Rules of Evidence, under which a notary public may withhold or redact information from a notary record book."  Request Letter at 3.  Neither the statutes nor any judicial opinion addresses exceptions to a notary public's duty to provide information from the notary's record book.  If a conflict between chapter 406 and other state law were alleged, a court would give full effect to the statutes making a notary's records public unless it was not possible to do so.  *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984).  Without guidance from the Legislature or the courts and without reference to particular facts, we are unable to predict whether a court might construe a specific statute prohibiting disclosure of information as relieving a notary public of the duty to provide certified copies of notary records.  Once again, we note that nothing in the materials provided to us suggests that the notary's duty to provide these records does not apply in this instance.

While this office cannot determine in the abstract whether other state law may constitute an exception to the notary statutes, your office is authorized to investigate and enforce a notary public's duties in specific cases.  *See* TEX. GOV'T CODE ANN. § 406.023(a)–(b) (West 2013).  Your third question asks us to identify the "scope of [your office's] authority to take disciplinary action against a notary public's commission . . . on the grounds of withholding or redacting information

contained in a record book which the notary claims is protected by state or federal law." Request Letter at 3. The Secretary of State may suspend or revoke a notary public's commission for good cause, subject to the notary's rights of notice, hearing, adjudication, and appeal. TEX. GOV'T CODE ANN. § 406.009(a)–(b) (West 2013). Such good cause includes "the imposition on the notary public of an administrative, criminal, or civil penalty for a violation of a law or rule prescribing the duties of a notary public." *Id.* § 406.009(d)(5).

The Secretary of State is authorized to adopt rules to administer, investigate, and enforce the subchapter governing notaries. *Id.* § 406.023(a)–(b). According to your rules, good cause for revoking a notary public's commission includes "a failure to fully and faithfully discharge any of the duties or responsibilities required of a notary public" and "a failure to respond to a request for public information." 1 TEX. ADMIN. CODE §§ 87.11(a)(7), (19), 87.43 (2014). A person harmed by the actions of a notary public may submit a complaint to your office. *Id.* § 87.23(a). If your office determines that the complaint states sufficient facts to constitute good cause, it may require the notary to respond in writing and "include copies of the pages of the notary record book referencing the notarization that is the subject of the complaint." *Id.* § 87.23(d)(3). After reviewing the response, your office may pursue disciplinary actions such as reprimand, an agreement with the notary that may include suspension, or revocation of the notary commission. *Id.* § 87.24(a). If no agreement can be reached, your office may seek suspension or revocation after affording the notary the "right to a hearing in accordance with the rules of practice and procedure before the secretary of state." *Id.* § 87.24(b).

Whether good cause exists to pursue disciplinary action against a notary public for not "fully and faithfully" discharging the notary's statutory duties is a question for your office to determine in the first instance. *See id.* § 87.11(a)(7). Thus, your office is authorized to resolve in administrative proceedings whether federal or state law allows a notary to withhold or redact information in a record book. TEX. GOV'T CODE ANN. § 406.009(a)–(b) (West 2013); 1 TEX. ADMIN. CODE §§ 87.23–.24 (2014). Accordingly, chapter 406 and administrative rules promulgated thereunder authorize the Secretary of State to determine in administrative proceedings whether a notary public has complied with the duty to provide such information, subject to the notary's rights of hearing, adjudication, and appeal.

### S U M M A R Y

Chapter 406 of the Government Code requires a notary public to provide a certified copy of any entry in the notary public's record book upon the request and payment of fees by any person. A party invoking federal law to avoid compliance with chapter 406 bears the burden to demonstrate that federal law preempts the Legislature's provision for openness. Nothing in the materials provided to this office indicates that the burden has been met in the case about which you ask. Chapter 406 and administrative rules promulgated thereunder authorize the office of the Secretary of State to determine in administrative proceedings whether a notary public has complied with the duty to provide such information, subject to the notary's rights of hearing, adjudication, and appeal.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee